DIXON, Justice.
The defendant was tried under a bill of information charging him with simple burglary. R.S. 14:62. He was convicted after a trial by jury and sentenced to serve five years at hard labor. He appeals relying on two bills of exceptions to obtain reversal of his conviction.

Bill of Exceptions No. 1

This bill was reserved in response to the trial court’s excusing a prospective juror for cause after the juror stated that he did not feel that he should sit in judgment on anyone and that he did not believe in im-prisionment.
The record does not contain the voir dire examination of this juror so we are unable to ascertain if the statement was an expression of general scruples or if it was a definitive statement amounting to a refusal to accept the law as given to him by the court. See C.Cr.P. 797(4). Cf. C. Cr.P. 798(2). Even assuming that the ruling was in error, there is no ground for reversal. C.Cr.P. 800 provides in part:
“The erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law.”
The State was entitled to twelve peremptory challenges. R.S. 14:62; C.Cr.P. 782; C.Cr.P. 799. The record indicates that only two peremptory challenges were utilized during the jury selection process. The ruling did not have the effect of granting the State additional peremptory challenges.
This bill is without merit.

Bill of Exceptions No. 2

This bill was reserved in response to the trial judge’s ruling that an oral inculpatory statement made to a police officer was admissible in evidence. The objection was based on the contention that refusal of the accused to give a written or recorded statement rendered the oral statement inadmissible. In brief defense counsel also argues that the statement was inadmissible because notice as required by C.Cr.P. 768 was not given.
The defense does not allege that the statement was gained in violation of the accused’s rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or that the statement was not given freely and voluntarily. Rather, the contention seems to be that the refusal to give a recorded or written statement operates retroactively to vitiate the voluntary nature of a prior oral statement. The de *753 fense does not cite nor have we found authority to support such a position. The defendant’s subsequent change of mind cannot of itself affect a prior voluntary admission. At best the subsequent refusal may be one factor in determining the voluntary nature of the prior statement, but if that statement was freely given after the accused was advised of his constitutional rights a subsequent refusal to reduce that statement to writing or to reproduce it by electronic means does not render the oral statement inadmissible.
Defendant’s contention that the State failed to give notice of intent to use the inculpatory statement is not supported by the record. The minute entries indicate that such notice was given in open court prior to commencement of trial and the record contains a copy of the written notice served on defense counsel.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.